# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**KELLI HAMILTON**                                                    **PLAINTIFF**

**V.**                                                                      **CAUSE NO. 3:20-CV-694-CWR-LGI**

**MISSISSIPPI EMERGENCY**                               **DEFENDANTS**
**MANAGEMENT AGENCY; STEPHEN**
**MCCRANEY**

## ORDER

Before the Court are the defendants' motions to dismiss. Docket Nos. 11 & 18. The motions are fully briefed and ready for adjudication.

Kelli Hamilton has worked for the Mississippi Emergency Management Agency (MEMA) for approximately 16 years. In this suit, she alleges that MEMA discriminated against her on the basis of age, causing her to lose a promotion. Her amended complaint brings age discrimination claims against MEMA under federal and state law, and a tortious interference claim against Stephen McCraney, a MEMA executive in charge of human resources.

Hamilton filed her original complaint in state court. MEMA removed it here and moved to dismiss. Hamilton subsequently amended her complaint. The present motions followed. The familiar Rule 12(b)(6) standard applies and need not be recited anew.

The principal dispute is whether MEMA can be held liable under the Age Discrimination in Employment Act (ADEA). A colleague on this Court has previously answered "no," reasoning that Mississippi has not waived its Eleventh Amendment immunity from liability in an "express, unequivocal and voluntary" fashion. *Barrett v. Mississippi Dep't of Pub. Safety*, No. 3:11-CV-185-TSL-JMR, 2013 WL 4015094, at *4 (S.D. Miss. Aug. 6, 2013) (citation omitted).

Hamilton contends that Mississippi expressly waived its Eleventh Amendment immunity by enacting into law Mississippi Code § 25-9-149. The statute provides, in relevant part, that "[i]t is the intent of the Legislature that no person . . . employed in state service . . . shall be discriminated against on the basis of race, color, religion, sex, national origin, age or handicap."

The problem with this language is that it does not expressly and unequivocally waive the state's Eleventh Amendment immunity. The more plausible and natural read of this language is that it authorizes a state-law cause of action for age discrimination. The Mississippi Court of Appeals has held as much. *See Kirk v. Mississippi Dep't of Pub. Safety*, 235 So. 3d 144, 152 (Miss. Ct. App. 2017). And last year, another colleague on this Court found that "Mississippi state courts confronted with this question seem to have implicitly recognized a cause of action . . . ." *Underwood v. Mississippi Dep't of Corr.*, No. 1:18-CV-24-HSO-JCG, 2020 WL 3966064, at *6 (S.D. Miss. July 13, 2020) (citing *Kirk* and *Mississippi Employment Sec. Comm'n v. Collins*, 629 So. 2d 576, 580 (Miss. 1993)). Today, however, the problem is that in creating a state-law cause of action, the Mississippi Legislature did not expressly address or waive its own Eleventh Amendment immunity from ADEA suits.

Based on these authorities, the Court concludes that MEMA cannot be sued under the ADEA because the State of Mississippi has not expressly waived its Eleventh Amendment immunity from liability.[1]

What remains are Hamilton's § 25-9-149 discrimination claim against MEMA, as well as her tortious interference claim against Stephen McCraney.

Given the posture of this case, these claims are not well-suited for adjudication in this forum. The general rule provides that federal "courts should decline supplemental jurisdiction

---

[1] Hamilton's invocation of *S. Farm Bureau Life Ins. Co. v. Thomas*, 299 So. 3d 752, 757 (Miss. 2020), is unavailing. That case permits ADEA claims to proceed against private employers, not State agencies.

[over state law claims] when all federal claims are dismissed or otherwise eliminated from a case." *Certain Underwriters at Lloyd's, London v. Warrantech Corp.*, 461 F.3d 568, 578 (5th Cir. 2006). There is no reason to deviate from that rule here. Hamilton's state-law claims should be litigated in state court.

Accordingly, MEMA's motion to dismiss is granted in part, to the extent that Hamilton's ADEA claim will be dismissed with prejudice. Pursuant to 28 U.S.C. § 1367(c), however, Hamilton's state-law claims will be dismissed without prejudice to their refiling in a state court of competent jurisdiction.

**SO ORDERED**, this the 26th day of January, 2021.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE